Lin v. Sessions

BIA
Bukszpan, IJ
A200 602 479

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand seventeen.

PRESENT:
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> GERARD E. LYNCH,
>     *Circuit Judges.*

_____

LI LIN,
> *Petitioner,*

> v.

> No. 15-1615
> NAC

JEFF SESSIONS, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.**

_____

FOR PETITIONER:          Huiyue Qiu, Union, New Jersey.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Acting Assistant

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jeff Sessions is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

Director; Dana M. Camilleri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in remaining part.

Petitioner Li Lin, a native and citizen of the People's Republic of China, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ's") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Li Lin,* No. A200 602 479 (B.I.A. Apr. 17, 2015), *aff'g* No. A200 602 479 (Immig. Ct. N.Y. City Apr. 2, 2013).

Under the circumstances of this case, we review both the IJ's and BIA's decisions, *see Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008), applying well established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). In so doing, we assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to dismiss in part and deny in part.

2

Lin seeks review of the agency's denial of her asylum application as untimely filed and its decision that threat of sterilization is alone insufficient to show past persecution for purposes of other relief. We dismiss the petition as to asylum because we lack jurisdiction to consider Lin's challenge to the timeliness ruling. We deny the petition in remaining part because threats alone do not constitute past persecution, and Lin has waived any other arguments by failing to raise them in her brief. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *see also Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006) (holding that petitioners' "failure to seek review of the CAT claim deprives [this Court] of jurisdiction").

## I.  One-Year Bar

We dismiss Lin's petition as it relates to the agency's pretermission of asylum. An asylum application must be filed within one year of arrival in the United States, absent changed or extraordinary circumstances. *See* 8 U.S.C. § 1158(a)(2)(B), (D). While we lack jurisdiction to review the agency's pretermission of asylum on timeliness grounds, we retain jurisdiction to review "constitutional claims or questions of

3

law." 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). Lin raises no such claims and asserts no changed or extraordinary circumstances. Instead, Lin challenges the agency's pretermission finding on the basis that the agency ignored her testimony that she entered the United States in February 2010, as well as her June 2009 medical record from China, and, consequently, failed to consider the totality of the circumstances. Because Lin's challenge "merely quarrels over the correctness of the [agency's] factual findings or justification for [its] discretionary choice[]," we lack jurisdiction to review it. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

## II. Past Persecution

To establish eligibility for withholding of removal, an applicant must show that it is more likely than not that her "life or freedom would be threatened in that country because of [her] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Past persecution can support such a finding and can be based on harms other than those threatening life or freedom, including "non-life-threatening violence and physical abuse." *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir.

4

2006).  Such harm, however, must be sufficiently severe to rise above "mere harassment."  *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).  "[T]he difference between harassment and persecution is necessarily one of degree that must be decided on a case-by-case basis."  *Id.*

Lin's claim of past persecution rests on a threat of sterilization.  This court has held that "threats of persecution" alone, "no matter how credible, do not demonstrate past persecution."  *Huo Qiang Chen v. Holder*, 773 F.3d 396, 406 (2d Cir. 2014) (collecting cases); *see also Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412–13 (2d Cir. 2006) (concluding that flight to avoid threatened forced abortion did not establish past persecution).  *Zhen Hua Li v. Att'y Gen.*, 400 F.3d 157 (3d Cir. 2005), cited by Lin, is not to the contrary.  The Third Circuit there held that the threat of sterilization and physical violence described by the petitioner did not "appear to have been sufficiently imminent or concrete for the threats themselves to be considered past persecution," because neither he nor his family members "were actually imprisoned, beaten, sterilized, or otherwise physically harmed."  *Id.* at 165.  So here, nothing in the record indicates that the threat directed at Lin was accompanied by actual harm rising to the level of persecution.  Lin also asserts that the BIA erred in failing

5

to consider *Matter of T-Z-*, 24 I. & N. Dec. 163 (B.I.A. 2007). *Matter of T-Z-* is inapposite, however, in that it discussed whether an abortion is forced as required for asylum when coerced by means other than "physical force or restraint, or the threat of physical force or restraint." *Id.* at 169. It did not discuss, much less decide, whether a threat of an abortion alone could be persecution.

Accordingly, the agency reasonably determined that Lin did not suffer past persecution. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("We have emphasized that persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in remaining part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6